**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DALE DISNEY, | Civil No. 06-3011 (DMC) |
| Petitioner, | |
| v. | **O P I N I O N** |
| ALFARO ORTIZ, JR., et al., | |
| Respondents. | |

**APPEARANCES:**

    DALE DISNEY, #251369C
    East Jersey State Prison
    Lock Bag R
    Rahway, New Jersey 07065
    Petitioner pro se

    SIMON LOUIS ROSENBACH, ASSISTANT PROSECUTOR
    BRUCE J. KAPLAN, MIDDLESEX COUNTY PROSECUTOR
    25 Kirkpatrick Street, 3d Floor
    New Brunswick, New Jersey 08901
    Attorneys for Respondents

**CAVANAUGH, District Judge**

    Dale Disney filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction in the Superior Court of New Jersey. Respondents filed an Answer, arguing that the Petition should be dismissed as time barred, unexhausted, and on the merits. For the reasons expressed below, the Court will dismiss the Petition with prejudice as untimely and deny a certificate of appealability.

## I. BACKGROUND

Petitioner challenges a judgment of conviction filed on January 2, 2001, in the Superior Court of New Jersey, Law Division, Middlesex County, based on his plea of guilty to one count of first-degree armed robbery, four counts of third-degree burglary, and one count of second-degree use of a juvenile to commit a criminal offense. See State v. Disney, 2005 WL 3691159 *1 (N.J. Super., App. Div., Jan. 20, 2006). The Law Division sentenced Petitioner to an aggregate 10-year term of imprisonment, with an 85% period of parole ineligibility, pursuant to the No Early Release Act, N.J. STAT. ANN. § 2C:43-7.2. Id. Petitioner appealed. On December 18, 2001, the Appellate Division of the Superior Court of New Jersey affirmed, "without prejudice to an application to the trial court, by January 31, 2002, for relief based on a claim of sentence disparity." Id. at *2.

On August 11, 2003, Petitioner filed a pro se verified petition for post-conviction relief in the Law Division of the Superior Court of New Jersey, Middlesex County. (Answer ¶ 10.) On September 2, 2004, after conducting an evidentiary hearing, the Law Division entered an order denying post-conviction relief. Petitioner appealed. On January 20, 2006, the Appellate Division of the Superior Court of New Jersey affirmed the order denying post-conviction relief. See State v. Disney, 2005 WL 3691159 (N.J. Super., App. Div., Jan. 20, 2006). On April 13, 2006, the New Jersey Supreme Court denied certification. State v. Disney, 186 N.J. 605 (2006) (table).

Petitioner executed the Petition which is now before this Court on June 20, 2006. The Clerk received it on June 27, 2006. The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and gave

him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000). Petitioner asked the Court to rule on the Petition as filed.

    The Petition presents four grounds:

> Ground One: DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
>
> Supporting FACTS: Attorney never met with client outside court, counsel never discussed trial strategy; counsel only pushed for a plea bargain using scare tactics. Counsel never discussed any other option besides a plea agreement.
>
> Ground Two: CONVICTION WAS OBTAINED UNLAWFULLY BY PLEA BARGAIN FROM AN UNKNOWING DEFENDANT, UNAWARE OF CONSEQUENCES AND THE FACTS.
>
> Supporting FACTS: Counsel told defendant to sign 10 year plea bargain under the guise that counsel would make sure defendant got sentenced to 7 years. Counsel misinformed defendant and his family.
>
> Ground Three: DEFENDANT'S REQUEST FOR A DISPARITY HEARING WAS NEVER HEARD OR MENTIONED. DEFENDANT WAS UNJUSTLY SENTENCED, RESULTING IN DISPARITY.
>
> Supporting FACTS: Defendant wrote letters to his trial court judge requesting a hearing on his disparity pursuant to the Dec. 11, 2001 Appellate Denial. Defendant and codefendant were at the very least equally culpable on the same crime codef. received 5 years w/85%, defendant received 10 years 85%. Codef. had private counsel. Defendant, being indigent, used the Public Defender.
>
> Ground Four: CONVICTION WAS OBTAINED ILLEGALLY AFTER COURT, PROSECUTOR AND COUNSEL FAILED TO ASSURE DEFENDANT A PSYCHIATRIC EXAM TOOK PLACE, ESPECIALLY SINCE ALL PARTIES RECOGNIZED DEFENDANT'S SICKNESS.

> Supporting FACTS: Defendant was never provided with a psychiatric exam even after counsel and sentencing judge stated on record as to defendant's apparent-obvious illnesses. Yet, the parties named above allowed defendant to be sentenced without concern for his rights as a mentally ill, chemical abuser. His competence was never check[ed] by a medical professional.

(Pet. ¶ 12.A. to 12.D.)

The State filed an Answer seeking dismissal of the Petition as time barred, unexhausted, and on the merits.

## II. DISCUSSION

### A. Statute of Limitations

Respondents argue that the Petition should be dismissed with prejudice as barred by the one-year statute of limitations. The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

4

diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Section 2244(d)(2) requires statutory tolling under the following circumstances: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). An application is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (citations omitted).

> And an application is *"properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee . . . . In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally . . . . But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar.

Artuz, 531 U.S. at 8-9 (citations omitted). A post-conviction relief application remains pending in state court until "the state courts have finally resolved an application for state post[-]conviction relief [but] § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari." Lawrence v. Florida, __ U.S. __, 127 S. Ct. 1079, 1083 (2007).

In this case, the applicable limitations provision is § 2244(d)(1)(A). Petitioner's conviction became final on January 8, 2002, when the Appellate Division affirmed the sentence on December 18, 2001, and the 20 days, see N.J. Ct. R. 2:12-3(a), to file a petition for certification in the New Jersey Supreme Court expired. See Lawrence, __ U.S. at __, 127 S. Ct. at 1083-84; Merritt, 326 F.3d at 161; Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). The limitations period began the next day, January 9, 2002, and ran for 365 days until it expired on January 9, 2003. See Lawrence, __ U.S. at __, 127 S. Ct. at 1082. Because Petitioner did not file his first state petition for post conviction relief until August 11, 2003, after the limitations period had expired, the limitations period was not statutorily tolled. See Long, 393 F.3d at 394-95 (state post conviction review petition had no effect on tolling because the limitations period had already run when it was filed); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004) (same). Petitioner has not argued that the limitations period should be equitably tolled and, after reviewing the submissions of the parties, this Court discerns no extraordinary circumstances warranting equitable tolling.

Because Petitioner's direct appeal became final on January 8, 2002, upon the expiration of the time for seeking direct review, he had until January 9, 2003, to file his § 2254 petition. Because Petitioner did not file a state petition for collateral review at any time between January 8, 2002, and January 9, 2003, the limitations period was not statutorily tolled and it expired on January 9, 2003. Petitioner did not execute the § 2254 Petition until June 20, 2006. Because there are no extraordinary circumstances warranting equitable tolling, the Court holds that the instant § 2254 Petition is barred by the one-year statute of limitations. mAccordingly, the Court dismisses the Petition with prejudice as untimely. 28 U.S.C. § 2244(d)(1).

B. Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III. CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus with prejudice as untimely and denies a certificate of appealability.

DENNIS M. CAVANAUGH, U.S.D.J.

DATED: May 14, 2007

7